J-S11033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
       :            PENNSYLVANIA
       :
      v.             :
       :
       :
VICTOR RENAIL BROWN        :
       :
      Appellant     :    No. 415 WDA 2020

Appeal from the PCRA Order Entered March 16, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0003268-2015

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:         **FILED:  April 22, 2021**

Appellant, Victor Renail Brown, appeals from the order entered March 16, 2020, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

The facts underlying this appeal were fully and correctly set forth by this Court in ***Commonwealth v. Victor Brown***, No. 1259 WDA 2017, unpublished memorandum at 1-4 (Pa. Super. filed April 2, 2018).  Therefore, we have no reason to restate them.

> [A]t the conclusion of a three-day jury trial, Appellant was convicted of Possession of a Firearm Prohibited (two counts), Receiving Stolen Property (two counts), Possession of a Controlled Substance, and Possession of Drug Paraphernalia. . . . On April 11,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

> 2017, the trial court imposed an aggregate sentence of eight to twenty years' imprisonment.

*Id.* at 4. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on April 2, 2018. *Id.* at 1. He did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On August 5, 2019, Appellant filed his first, counseled PCRA petition, which the PCRA court denied without a hearing on March 16, 2020. A review of the record reveals that the PCRA court failed to issue notice of its intent to deny the PCRA petition as is required by Pa.R.Crim.P. 907. However, Appellant has not objected to its omission and, accordingly, has waived the issue. *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).[2] On March 18, 2020, Appellant filed this timely appeal.[3]

Appellant presents the following issues for our review:

> 1. Did the PCRA court err in denying Appellant's PCRA Petition where Appellant proved that direct-appeal-counsel was ineffective for failing to adequately brief a challenge to the sufficiency of the Commonwealth's evidence regarding Appellant's possession of contraband?
>
> 2. Did the PCRA court err in denying Appellant's PCRA Petition where Appellant proved that direct-appeal-counsel was ineffective

---

[2] Moreover, when a PCRA petition is untimely filed, the failure to provide a Rule 907 notice is not reversible error. *Commonwealth v. Pursell*, 749 A.2d 911 (Pa. 2000); *Boyd*, 923 A.2d at 514 n.1. The timeliness of Appellant's PCRA petition is discussed below.

[3] Appellant contemporaneously filed his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 23, 2020, the PCRA court entered a statement that the memorandum accompanying its order dated March 16, 2020, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

for failing to challenge the sufficiency of the Commonwealth's evidence regarding Appellant's knowledge that the firearms were stolen?

Appellant's Brief at 6 (trial court's answers omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Lavar Brown*, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requirement); *Commonwealth v. Devon Brown*, 943 A.2d 264, 267 (Pa. 2008) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)) (it is "well settled that there is no generalized equitable exception to the jurisdictional . . . time bar pertaining to post-conviction petitions"); *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. *See* 42 Pa.C.S. § 9545(b)(1).[4] Judgment of sentence becomes final thirty days after this

---

[4] The three exceptions to the timeliness requirement are:

Court affirmed the judgment of sentence. Pa.R.A.P. 1113. This Court affirmed Appellant's judgment of sentence on April 2, 2018; thirty days thereafter was May 2, 2018. Appellant had one year thereafter to file a PCRA petition – *i.e.*, until May 2, 2019. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on August 5, 2019, over three months late. Therefore, Appellant's petition was patently untimely, and he has not pleaded a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim, and dismissal of his petition was proper.

Having discerned no error of law, we affirm the order below. ***See Medina***, 209 A.3d at 996.

Order affirmed.

---

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   4/22/2021